Mr. Chief Justice Sharkey
delivered the opinion of the court.
The plaintiff in error was prosecuted before a justice of the peace for a violation of a city ordinance, and a judgment for forty dollars was rendered against him. He appealed to the circuit court, when a motion was made to dismiss the appeal, on the ground that an appeal does not lie from the judgment of a city magistrate for fines and forfeitures, which motion was sustained, and the appeal dismissed, and thereupon this writ of error was sued out.
The judgment of the justice was not for a fine, but a civil action founded on the ordinance, and when the case was taken to the circuit court, a declaration was filed by the president and selectmen, for a breach of the ordinance.
The judgment of the circuit court is attempted to be sustained on the provisions of the city charter, which seems to have undergone sundry amendments. The clause to which we are referred as sustaining the judgment, is found in the Revised Code, *106 626, and is said to have been passed in 1825. It provides, that when any person shall feel aggrieved by the judgment of the president of the board of selectmen, when acting in the capacity of city magistrate, in any matter or cause arising under the ordinances or by-laws of the city, he may appeal to the board of selectmen, who are required to give such judgment as they may think right. This seems to be the last act, and must be regarded as regulating the matter of appeal in questions arising under city ordinances, if it be now in force. The charter provides for the election of a president of the selectmen, and directs that he shall be commissioned by the governor as justice of the peace every year, and shall continue in office until the first Monday in January thereafter. The constitution provides that justices of the peace shall be elected by districts, and shall hold their offices for the term of two years. It also provides, that in all cases tried by a justice, the right of appeal shall be secured by law. The law, in pursuance of this article in the constitution, has fully provided for appeals from justices of the peace. H. & H. Dig. 436, § 47 -49. In this respect the charter and constitution do not seem to harmonize. But if it be admitted that that provision of the charter is still in force, another difficulty arises. It does not appear that this judgment was rendered by the president of the selectmen, acting as city magistrate. The justice certifies to the judgment as city magistrate and justice of the peace, but this does not authorize us to consider him as anything more than an ordinary justice of the peace, from whose judgment an appeal is to be taken as in ordinary cases. The act of 1842 expressly authorizes appeals to be taken directly from the judgment of a justice to the circuit court, and this case must be regarded as coming within that provision. As a special and exclusive jurisdiction is claimed in this instance, it ought to have been shown to exist. The appeal was, therefore, improperly dismissed, and the judgment must be reversed and cause remanded.